UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>VELARMINO ESCOBAR-AYALA et al.,<br>Defendants. | Case No. 17-cr-00068-EJD<br><br>**ORDER DENYING DEFENDANT MARTINEZ-FLORES'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 97 |

Defendant Alexander Martinez-Flores—one of twelve defendants charged in the government's April 5, 2018 Superseding Indictment that includes counts of conspiracy to commit racketeering violations, conspiracy to commit murder in aid of racketeering, and conspiracy to commit extortion by force, Dkt. No. 101—moves to dismiss the extortion conspiracy charge under the Speedy Trial Act, 18 U.S.C. § 3161. Dkt. No. 97 ("Mot."). Mr. Martinez-Flores argues that more than seventy days have been excluded without any legitimate justification. The Court disagrees and DENIES Mr. Martinez-Flores's motion to dismiss.

**I.  BACKGROUND**

The original Indictment was returned on February 7, 2017. Dkt. No. 1. Mr. Martinez-Flores made his initial appearance before Magistrate Judge van Keulen on February 21, 2017. Dkt. No. 35. The last of the ten defendants charged in the original Indictment made his initial appearance on March 8, 2017. Dkt. No. 60.

Between February 21, 2017 and the present, the Court has held many status conferences to receive updates from counsel about the progress of the case. The specifics of each of those

Case No.: 17-cr-00068-EJD
ORDER DENYING DEFENDANT MARTINEZ-FLORES'S MOTION TO DISMISS
1

conferences are discussed in more detail below. Notably, both the government and the defendants have represented that this case involves "voluminous" discovery, including but not limited to audio recordings. Dkt. Nos. 58, 81. Especially in light of that concern, the Court has granted multiple continuances and excluded time under the Speedy Trial Act to allow for effective preparation of counsel. In most instances, none of the defendants have objected to these continuances and exclusions of time.

On March 20, 2018, Mr. Martinez-Flores filed a motion to dismiss the only count that he was charged with in the original Indictment—conspiracy to commit extortion by force. See Mot. On April 5, 2018, a Superseding Indictment was returned. Dkt. No. 101. In addition to the extortion conspiracy count, Mr. Martinez-Flores was charged with conspiracy to commit racketeering violations and conspiracy to commit murder in aid of racketeering. Id. On May 4, 2018, the government opposed Mr. Martinez-Flores's motion to dismiss. Dkt. No. 115 ("Opp."). Mr. Martinez-Flores filed a reply on May 14, 2018. Dkt. No. 116 ("Reply").

## II. LEGAL STANDARD

The Speedy Trial Act dictates that a criminal defendant's trial must begin within seventy days of indictment or initial appearance, whichever occurs later. 18 U.S.C. § 3161(c)(1); Bloate v. United States, 559 U.S. 196, 198–99 (2010). If trial does not commence within the requisite time period and the defendant moves for dismissal prior to trial, the court must dismiss the indictment. 18 U.S.C. § 3162(a)(2); United States v. Lewis, 611 F.3d 1172, 1175 (9th Cir. 2010). The statute further provides, however, that delays caused by certain enumerated events are to be excluded from the calculation of the seventy-day period. 18 U.S.C. § 3161(h); United States v. Romero, 833 F.3d 1151, 1153 (9th Cir. 2016), cert. denied, 138 S. Ct. 192 (2017). Three of those statutory exclusions of time are relevant here.

The first excludable category includes "[a]ny period of delay resulting from other proceedings concerning the defendant[.]" 18 U.S.C. § 3161(h)(1). This includes, but is not limited to:

(A) delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant;

(B) delay resulting from trial with respect to other charges against the defendant;

(C) delay resulting from any interlocutory appeal;

(D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;

(E) delay resulting from any proceeding relating to the transfer of a case or the removal of any defendant from another district under the Federal Rules of Criminal Procedure;

(F) delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable;

(G) delay resulting from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government; and

(H) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

Id.

A second excludable category of time entails "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." Id. § 3161(h)(6).

The third relevant category is the so-called "ends of justice" exclusion:

Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

Case No.: 17-cr-00068-EJD
ORDER DENYING DEFENDANT MARTINEZ-FLORES'S MOTION TO DISMISS
3

Id. § 3161(h)(7)(A). The Speedy Trial Act lays out several non-exhaustive factors for a judge to consider in determining whether to grant a continuance under this section:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Id. § 3161(h)(7)(B).

## III. DISCUSSION

The Court has excluded time from the date of Mr. Martinez-Flores's initial appearance on February 21, 2017 to the present day. Mr. Martinez-Flores challenges the propriety of those exclusions. For ease of analysis, the Court breaks down the total time into the following periods:

A. February 21, 2017 to March 6, 2017: 13 days

B. March 6, 2017 to April 24, 2017: 49 days

C. April 24, 2017 to June 12, 2017: 49 days

D. June 13, 2017 to August 14, 2017: 62 days

E. August 14, 2017 to October 16, 2017: 63 days

F. October 16, 2017 to December 11, 2017: 56 days

G. December 11, 2017 to December 28, 2017: 17 days

Case No.: 17-cr-00068-EJD
ORDER DENYING DEFENDANT MARTINEZ-FLORES'S MOTION TO DISMISS

4

H.  December 28, 2017 to February 5, 2018: 39 days

I.  February 5, 2018 to March 2, 2018: 25 days

J.  March 2, 2018 to March 20, 2018: 18 days

K.  March 20, 2018 to Present: 79 days

The Court examines each of these separate periods in turn.

**A.  February 21, 2017 to March 6, 2017**

Judge van Keulen found that the time from February 21, 2017 through March 6, 2017 was excludable. Dkt. No. 35. That time is clearly excludable under § 3161(h)(6) for joinder-based delay. Under the Supreme Court's interpretation of § 3161(h)(6), "[a]ll defendants who are joined for trial generally fall within the speedy trial computation of the latest codefendant." Henderson v. United States, 476 U.S. 321, 323 (1986). The Ninth Circuit has been even more explicit: "If several defendants are joined, the 70-day limit is measured from the date the last codefendant is arraigned." United States v. Butz, 982 F.2d 1378, 1382 (9th Cir. 1993). Here, the arraignment of the last defendant charged in the original Indictment did not take place until March 8, 2017, Dkt. No. 60, a reasonable span of fifteen days after Mr. Martinez-Flores's arraignment. Accordingly, Mr. Martinez-Flores's speedy-trial clock did not begin to run until March 8, 2017, and the time between his arraignment and that date was properly excluded.

**B.  March 6, 2017 to April 24, 2017**

This Court held the first status conference on March 6, 2017. Dkt. No. 58. That proceeding marked the first time that all ten defendants charged in the original Indictment had appeared before the Court. At the hearing, the government advised the Court that there would be "voluminous discovery in this matter which includes audio recordings." Id. The government also recommended "the possibility of a discovery coordinator or counsel utilizing a joint paralegal to assist with the voluminous discovery." Id. The Court ordered counsel to "meet and confer and agree on a plan for efficient disclosure of evidence," including by setting a "protocol as to how [the defendants] are to receive discovery for their review." Id. The Court continued the case to

April 24, 2017 for a further status conference and excluded that time as necessary for effective preparation of counsel. Id. No defendant objected to this exclusion. Id.

Under § 3161(h)(7)(A), a court may exclude periods of trial continuance "if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The Ninth Circuit has instructed that "[c]ontinuances under [this] section must be specifically limited in time." United States v. Hardeman, 249 F.3d 826, 828 (9th Cir. 2000). Moreover, as the statute makes clear, the district court must "set[] forth, in the record of the case, either orally or in writing, its reasons" for finding that the ends of justice outweigh other interests. Zedner v. United States, 547 U.S. 489, 506 (2006) (quoting 18 U.S.C. § 3161(h)(7)(A)). The timing for making on-the-record findings is unclear but must occur before ruling on a motion to dismiss under the Speedy Trial Act. Id. at 507. An ends-of-justice continuance may be warranted to permit "counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(iv).

Here, the Court provided an adequate on-the-record explanation for granting an ends-of-justice continuance from March 6, 2017 to April 24, 2017. Specifically, the government represented that the discovery in the case would be "voluminous" but that it was prepared to turn over the discovery to defense counsel. Dkt. No. 58. The Court informed the lawyers about its "expectations with regards to discovery protocol" and tasked counsel with setting up a procedure for defendants to receive the discovery. Id. Because neither defendants nor their counsel had yet reviewed the discovery, id., a continuance was necessary for effective preparation of counsel. Thus, the time from March 6, 2017 to April 24, 2017 was appropriately excluded.[1]

---

[1] The Court also notes that the time from March 6, 2017 to March 8, 2017 is excluded on another ground discussed above—namely, because the last codefendant charged in the original Indictment was not arraigned until March 8, 2017.

Case No.: 17-cr-00068-EJD
ORDER DENYING DEFENDANT MARTINEZ-FLORES'S MOTION TO DISMISS
6

## C. April 24, 2017 to June 12, 2017

The Court held another status conference on April 24, 2017. Dkt. No. 74. By that time, the government had produced a first round of discovery consisting of 195 pages. Id. The parties also had a plan for the "next phase" of discovery: the government would produce "the audio recordings and controlled [buy] reports" on or before May 15, 2017. Id. Indeed, the government disclosed over seventy hours of audio recordings on May 15, 2017. Opp. at 6. To allow for the production and review of this large amount of discovery, this Court granted the request of counsel to continue the case to June 12, 2017 for a further status conference. Id. The Court also ordered time excluded, with only defense counsel for Mr. Martinez-Flores noting that he did not join in the exclusion of time. Id.

Despite Mr. Martinez-Flores's objection, the Court offered a sufficient on-the-record rationale for granting an ends-of-justice continuance from April 24, 2017 to June 12, 2017. Since the prior status conference, the parties had progressed into a new phase of discovery in which the government planned to turn over quantitatively and qualitatively important evidence—namely, audio and video recordings. Id. In light of that pending production and review, the Court found that a continuance was needed to allow "the reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(iv).

## D. June 13, 2017 to August 14, 2017

Before the impending status conference, the government submitted a status brief on June 6, 2017. Dkt. No. 76. In that filing, the government detailed the discovery that had already taken place and noted that it was "currently processing an additional approximately forty hours of audio and video recordings," which were expected to be produced within two weeks. Id. At the June 13, 2017 hearing,[2] the government updated the Court on the status of completed and ongoing discovery. Dkt. No. 77. Importantly, government and defense counsel had "discussed the priority

---

[2] Although the hearing was initially scheduled to take place on June 12, 2017, the Court continued the hearing one day to June 13, 2017. Dkt. No. 75.

Case No.: 17-cr-00068-EJD
ORDER DENYING DEFENDANT MARTINEZ-FLORES'S MOTION TO DISMISS
7

of the remaining discovery to be produced." Id. That discovery included "remaining audio recordings, surveillance video and a stipulation to use transcript working copies of the transcripts as they are available." Id. At the request of counsel, the Court granted a two-month continuance to August 14, 2017 for a further status conference and excluded the time for effective preparation of counsel. Id. No defendant objected to this exclusion. Id.

Again, the Court put on the record its justification for affording an ends-of-justice continuance from June 13, 2017 to August 14, 2017. Government and defense counsel had identified specific pieces of discovery that were forthcoming and represented that an exchange would happen soon after the June 13, 2017 status conference. See Dkt. Nos. 76, 77. Such circumstances neatly fit within the "reasonable time necessary for effective preparation" factor supporting exclusion. 18 U.S.C. § 3161(h)(7)(B)(iv).

**E.     August 14, 2017 to October 16, 2017**

The government filed a status brief on August 10, 2017 before the August 14, 2017 conference. Dkt. No. 79. That brief highlighted the discovery that had been propounded in the time since the June 13, 2017 conference. Id. In particular, the United States had produced seventy-eight additional audio recordings (totaling 13 hours) as well as approximately 2,830 still images. Id. The government also provided concrete plans for future productions. First, the government would "process[] approximately 3,800 pages of draft transcripts of the recordings" and produce them by August 11, 2017. Id. Next, the government would "re-process[] approximately two hundred pages of investigative reports" to reduce redactions and "process[] approximately thirty minutes of video surveillance" with a projected production date of August 18, 2017. Id. The parties were still in the process of working out how to provide copies of the audio recordings to the defendants to review in custody. Id. The government thus "anticipate[d] proposing that a further status date be set for October 16, 2017, to give defense counsel time to review [this] voluminous, substantive discovery." Id. At the August 14, 2017 hearing, the government reiterated its planned productions on August 18, 2017. Dkt. No. 80. The Court

1  granted a continuance (and excluded time) to October 16, 2017 for a further status conference.  Id.
2  No defendant raised any objection.  Id.

Like with the previous three time periods analyzed above, the Court placed the required description on the record in granting a continuance from August 14, 2017 to October 16, 2017. The government once more identified a substantial production that was imminent and would need to be reviewed by the defendants.  Id.  In fact, as the defendants later confirmed in a stipulation filed on August 31, 2017, the "discovery in th[e] case [wa]s voluminous" and the review process was still continuing.  Dkt. No. 81.  Based on the parties' representations before and during the August 14, 2017 hearing, the Court had a sufficient basis to grant a continuance in order to provide the "reasonable time necessary for effective preparation."  18 U.S.C. § 3161(h)(7)(B)(iv). It is worth noting that Mr. Martinez-Flores's motion comes close to conceding that the entire period of delay from March 6, 2017 to October 16, 2017—i.e., the "early exclusions based on counsel's need to review newly produced discovery"—was permissibly excluded from the speedy-trial calculation.  Mot. at 5.

### F.  October 16, 2017 to December 11, 2017

The true dispute between the parties appears to lie with the period extending from October 16, 2017 to December 11, 2017.  In the time before the October 16, 2017 conference, the government made multiple significant discovery productions.  On August 15, 2017, the government produced almost 2,500 pages of draft transcripts and translations of the recordings already produced.  Dkt. No. 83.  On August 23, 2017, the government produced additional reports and video recordings.  Id.  Finally, on October 2, 2017, the government disclosed additional reports and transcripts of audio recordings.  Id.  In its status brief, the government did not articulate that any further discovery would occur.  Id.

Instead, the government's status brief and the October 16, 2017 hearing focused on the possibility of a Superseding Indictment.  In its brief, the government indicated that "it d[id] not anticipate any additional charges being filed against the defendants prior to the status conference scheduled for October 16, 2017."  Id.  Similarly, at the hearing, the government stated that "it d[id]

Case No.: 17-cr-00068-EJD
ORDER DENYING DEFENDANT MARTINEZ-FLORES'S MOTION TO DISMISS
9

not anticipate that the posture of th[e] case w[ould] change nor [that] a Superseding Indictment w[ould] be forthcoming." Dkt. No. 84. As the minutes from the hearing explain, "[c]ounsel requested the matter be continued to meet and confer and confirm that there will be no change in the posture of the case." Id. The Court granted a continuance to December 11, 2017 for a further status conference and excluded time for "effective preparation of counsel" to which no defendant objected. Id.

Mr. Martinez-Flores contends that it is legally improper to exclude time to allow the government to investigate charges that have yet to be filed. Mot. at 7. He argues that the purpose of the Speedy Trial Act is to ensure that criminals are brought to justice promptly on pending charges. Reply at 2. The government responds that a continuance may be granted to allow further investigation with the aim of superseding the indictment, at least on the facts of this case. Opp. at 8. In the government's view, such a continuance was essential here "to prevent the duplication of effort, the strain on witnesses, and the waste of judicial resources that would necessarily accompany two trials of the same ten defendants involving common facts and evidence." Id.

At this juncture, however, the Court need not resolve this dispute between the parties.[3] For the reasons discussed above, the time up to October 16, 2017 is excluded. For the reasons discussed below, the time after December 11, 2017 is also excluded. Thus, even if the fifty-six days from October 16, 2017 to December 11, 2017 count toward the seventy-day limit, there has been no violation of the Speedy Trial Act. Because the Court would reach the same conclusion on Mr. Martinez-Flores's motion to dismiss regardless whether the time between October 16, 2017 and December 11, 2017 can be excluded, the Court does not rule on this issue.

**G.     December 11, 2017 to December 28, 2017**

On December 11, 2017, this Court held a further status conference. Dkt. No. 87. At the hearing, the government stated its intention to supersede the indictment by late March or early

---

[3] The Court also presently declines to address the government's separate, but related, contention that the April 5, 2018 Superseding Indictment reset the speedy-trial clock. See Opp. at 13–14.

Case No.: 17-cr-00068-EJD
ORDER DENYING DEFENDANT MARTINEZ-FLORES'S MOTION TO DISMISS
10

April. Opp., Ex. B at 7:2–6. However, the government indicated its willingness to set a trial date on the original Indictment. Id. at 9:6–9. The Court agreed with Mr. Martinez-Flores's counsel's suggestion that a trial date be set in order to keep the case progressing and avoid potential speedy-trial concerns. Id. at 10:1–7. At that point, the task became finding a trial date that could accommodate defense counsel's schedules.

The Court offered two possibilities: February or early May. Id. at 10:15–16. No defendant requested a February trial date. Counsel for four of Mr. Martinez-Flores's codefendants expressed scheduling concerns in light of their other trial responsibilities. For example, one attorney requested "something at the end of May" because he had a trial in January and a three-month trial beginning at the end of February. Id. at 11:20–12:1. Another attorney similarly advised that the end of May would be preferred. Id. at 14:3–4. Based on these timing conflicts, the Court selected May 22, 2018 as the trial date that worked best for all counsel. Id. at 15:2–5. The Court made the following finding in excluding time to that date:

> [T]he exclusion is because I have set a trial date of May 22nd, and I am going to allow for effective preparation of counsel to prepare for that trial, and the Court finds that it is appropriate to exclude time in the interests of these defendants as to their speedy trial is not impinged by the fact that counsel need to prepare and it outweighs any public interests as to a speedy trial.

Id. at 17:15–21. Mr. Martinez-Flores's attorney (and one other defense attorney) objected to this exclusion of time. Id. at 14:24–15:1, 16:23–25, 17:23–18:10.

At a subsequent hearing on February 12, 2018, the Court revisited and reiterated the basis for granting an ends-of-justice continuance and exclusion until the May 22, 2018 trial date. Dkt. No. 93. Recognizing the need to balance the defendants' and public's interests in a speedy trial against the ends of justice served by a continuance, the Court said:

> [Defense] counsel have been patient. I think [the government] and [its] team recognize the patience that they've had, and I think [the government] also recognize[s], perhaps, as they recognize, constraints that [were] mentioned earlier on the grand jury proceedings, but I think [the government] can recognize the patience and perhaps loss of patience or concern they have for their clients' due process interests and their clients' families in proceeding this case as best as possible.

Case No.: 17-cr-00068-EJD
ORDER DENYING DEFENDANT MARTINEZ-FLORES'S MOTION TO DISMISS
11

> And, I would like to find the balance of both of those things, such that the case can proceed in an orderly manner, in such that the due process interest of the defendant accused here can be recognized, as well as the public and the community's interest in reaching decisions in their criminal cases as they are prosecuted by the government.
>
> So, that's what I'm trying to find, a balance here, but balance not at the expense of any due process rights that the defendant might enjoy.

Opp., Ex. C at 9:8–24. The Court then detailed that excluding time from December 11, 2017 to May 22, 2018 was necessary because multiple defense attorneys were unavailable to try the case before May 2018. Id. at 10:2–11:6, 11:19–12:16. The Court concluded that time was excluded for the effective preparation of counsel, who would not be in a position to begin preparing until May after the end of other trial obligations. Id. at 12:8–16. Counsel for Mr. Martinez-Flores repeated his objection. Id. at 25:1–4.

The December 11, 2017 and February 12, 2018 explanations for the exclusion may be taken into account. United States v. Jordan, 915 F.2d 563, 565 (9th Cir. 1990) ("[T]he indictment does not have to be dismissed if the district court fails to make a contemporaneous record of the support for a finding of complexity justifying an ends of justice exclusion, so long as the court sets forth the reasons for the finding at some point."). And both explicitly weigh the "ends of justice served"—specifically, "continuity of counsel" and "the reasonable time necessary for effective preparation"—against the "best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A), (B)(iv). Unlike the previous challenged period of exclusion, this exclusion did not revolve around the government's decision whether to supersede the indictment. Instead, counsel and the Court engaged in an iterative process of selecting an agreeable trial date. Due to other pending litigation matters, defense counsel needed until May 22, 2018 to be able to adequately prepare to represent their clients at trial in this case.

This analysis does not change simply because Mr. Martinez-Flores's counsel may have been ready and willing to go to trial before May 22, 2018. At a minimum, the exclusion applied with full force to Mr. Martinez-Flores's codefendants, and the Court may exclude "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for

Case No.: 17-cr-00068-EJD
ORDER DENYING DEFENDANT MARTINEZ-FLORES'S MOTION TO DISMISS

12

trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). Mr. Martinez-Flores did not offer any alternative dates beyond the Court's proposals of February or May. And the record supports that no date before May would have worked, as counsel for one of the codefendants had a "trial set in the beginning of January and then a homicide [trial] set at the end of February," which would last for "two to three months." Opp., Ex. B at 11:20–24. Nor does Mr. Martinez-Flores identify any actual prejudice that he suffered as a result of the delay. United States v. Hall, 181 F.3d 1057, 1062 (9th Cir. 1999). Therefore, the exclusion was "reasonable," especially when viewed against Congress's recognition that joinder of multiple defendants would often effectuate the swift and efficient dispensation of criminal justice. See United States v. King, 483 F.3d 969, 974 (9th Cir. 2007). Accordingly, the Court corroborated with on-the-record factual findings its legitimate justification for excluding time from December 11, 2017 to May 22, 2018.

**H.     December 28, 2017 to February 5, 2018**

In addition to the ends-of-justice continuance until May 22, 2018, the 39 days from December 28, 2017 to February 5, 2018 are automatically excluded from the speedy-trial calculation under § 3161(h)(1)(D), which covers "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." Specifically, Mr. Martinez-Flores filed a pretrial motion for bail or severance on December 28, 2017. Dkt. No. 88. Briefing on Mr. Martinez-Flores's motion concluded on January 29, 2018, Dkt. No. 91, and the motion was argued and denied at a hearing before the Court on February 5, 2018, Dkt. No. 92. Accordingly, the period from December 28, 2017 to February 5, 2018 during which the motion was live is automatically excluded.

**I.     February 5, 2018 to March 2, 2018**

For the reasons set forth above, this period is excluded based on the ends-of-justice continuance granted from December 11, 2017 to May 22, 2018.

**J.     March 2, 2018 to March 20, 2018**

The ends-of-justice continuance until May 22, 2018 is not the only basis for excluding the period from March 2, 2018 to March 20, 2018. During that time, there was also a pending pretrial

Case No.: 17-cr-00068-EJD
ORDER DENYING DEFENDANT MARTINEZ-FLORES'S MOTION TO DISMISS
13

motion to sever filed by one of Mr. Martinez-Flores's codefendants and joined by two other codefendants. Dkt. Nos. 94, 95, 96. As noted above, "delay resulting from any pretrial motion" is automatically excluded under § 3161(h)(1)(D) "through the conclusion of the hearing on, or other prompt disposition of, such motion." And the Ninth Circuit has construed § 3161(h)(6) to provide that "an exclusion to one defendant applies to all co-defendants." Butz, 982 F.2d at 1381 (quoting United States v. Edwards, 627 F.2d 460, 461 (D.C. Cir.), cert. denied, 449 U.S. 872 (1980)). To be sure, "[t]he attribution of delay to a codefendant . . . is limited by a reasonableness requirement." United States v. Messer, 197 F.3d 330, 336 (9th Cir. 1999). But here, the short length of the delay combined with the fact that it was necessary to preserve the possibility of a joint trial render the delay reasonable. See id. at 337–38. This joinder-based delay provides an extra reason for excluding time from March 2, 2018 to March 20, 2018.

**K.     March 20, 2018 to Present**

Finally, two independent bases merit exclusion of time from March 20, 2018 to the present. First, and most simply, time has been excluded since Mr. Martinez-Flores filed the instant motion to dismiss on March 20, 2018. Dkt. No. 97. The parties agreed on the briefing schedule, Dkt. Nos. 107, 108, and the motion has remained pending until its resolution in this order. Section 3161(h)(1)(D) provides for the automatic exclusion of time throughout the duration of the motion's pendency, from filing through hearing or disposition. Thus, the clock has remained stopped from March 20, 2018 through the issuance of this order.

Second, the Court has granted a valid exclusion for an ends-of-justice continuance, though the circumstances are slightly complicated and require some explanation. As detailed above, on December 11, 2017, the Court granted an exclusion through the start of trial on May 22, 2018. However, things changed when the Superseding Indictment came down on April 5, 2018. The Superseding Indictment charged two new defendants and several new counts. Dkt. No. 101. With respect to Mr. Martinez-Flores, the Superseding Indictment added counts for conspiracy to commit racketeering violations and conspiracy to commit murder in aid of racketeering on top of the original count for conspiracy to commit extortion by force. Id. This change in the scope of the

Case No.: 17-cr-00068-EJD
ORDER DENYING DEFENDANT MARTINEZ-FLORES'S MOTION TO DISMISS
14

case also prompted a request from counsel on April 10, 2018 to vacate the motions hearing, pretrial conference, and trial dates and to set a further status conference for May 21, 2018. Dkt. No. 102. The parties stipulated to an exclusion of time until that date "for effective preparation of counsel, given the new charges contained in the superseding indictment and the anticipated production of new discovery relating to those charges." Id. at 2. The same day, the Court granted the stipulation and set the next status conference for May 21, 2018. Dkt. No. 104.[4]

At the May 21, 2018 hearing, the government "informed the Court that partial discovery production has been made" and asked for "additional time to continue to review and redact information as to additional discovery to be produced." Dkt. No. 130. The parties further noted that they were working on a protective order. Id. Counsel requested, and the Court granted, a continuance to August 13, 2018 for a further status conference. Id. The Court excluded time to August 13, 2018, finding that "the case is complex due to the number of defendants in the action and the volume of discovery." Id. No defendant lodged any objection. Id.

This Court's exclusion of time from March 20, 2018 to the present for an ends-of-justice continuance is well-supported and not expressly challenged. The first portion falls under the exclusion for the May 22, 2018 trial date. The second portion is grounded in two separate factors under § 3161(h)(7)(B). First, "the case is so unusual or so complex, due to the number of defendants [or] the nature of the prosecution . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii). Other courts in this district have granted continuances based on the complexity of the litigation in equally large racketeering cases. See, e.g., United States v. Williams, No. 13-CR-00764-WHO, 2017 WL 4877131, at *4–5 (N.D. Cal. Oct. 30, 2017). Second, "failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking

---

[4] The Court further observes that the March 2, 2018 motion to sever was pending until April 10, 2018. As part of their April 10, 2018 stipulation, the parties agreed that the motion to sever should be denied as moot in light of the Superseding Indictment. Id.

Case No.: 17-cr-00068-EJD
ORDER DENYING DEFENDANT MARTINEZ-FLORES'S MOTION TO DISMISS
15

into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). On this point, the government noted that it had more discovery to turn over and requested additional time to review and produce redacted versions of the remaining information. This ends-of-justice continuance serves as another ground (over and above the pendency of Mr. Martinez-Flores's motion to dismiss) for excluding time from March 20, 2018 to the present.

**L.     Conclusion**

In sum, Mr. Martinez-Flores's Speedy Trial Act right to be brought to trial within seventy unexcluded days of his initial appearance in the case has not been violated. At most, Mr. Martinez-Flores identifies fifty-six days that have accrued toward his speedy-trial clock. Critically, the Court has otherwise unquestionably found that "*each* 'ends of justice' continuance [was] justified with reference to the facts as of the time the delay [was] ordered." Jordan, 915 F.2d at 566. Accordingly, the Court will not dismiss Mr. Martinez-Flores's charge for conspiracy to commit extortion by force at this time.

**IV.     ORDER**

For the foregoing reasons, Mr. Martinez-Flores's motion to dismiss is DENIED.

**IT IS SO ORDERED.**

Dated: June 7, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 17-cr-00068-EJD
ORDER DENYING DEFENDANT MARTINEZ-FLORES'S MOTION TO DISMISS
16