UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER MARTINEZ-FLORES,<br><br>Defendant. | Case No. 5:17-cr-00068-7 EJD<br>Case No. 5:21-cv-05492 EJD<br><br>**ORDER GRANTING UNITED STATES' MOTION TO DISMISS UNTIMELY MOTION** |

Presently before the Court is the United States' Motion to Dismiss an untimely filed motion by Defendant Alexander Martinez-Flores ("Defendant") pursuant to 28 U.S.C. § 2255. ECF No. 383. Having reviewed both the United States' Motion and Defendant's § 2255 Motion to Vacate, the Court GRANTS the United States' Motion to Dismiss.

**I.   BACKGROUND**

Defendant pleaded guilty to one count of Racketeering Conspiracy in violation of 18 U.S.C. § 1962(d), one count of Conspiracy to Commit Extortion by Force in violation of 18 U.S.C. § 1951(a), one count of Conspiracy to Commit Murder in Aid of Racketeering in violation of 18 U.S.C. § 1959(a)(5), and one count of Use of a Firearm in Furtherance of a Crime of Violence Resulting in Death in violation of 18 U.S.C. §§ 924(j). ECF No. 320. Defendant was thereafter sentenced to a custodial term of 360 months and five years of supervised release. ECF No. 337. Judgment was entered accordingly on June 12, 2020. ECF No. 338. Pursuant to Federal Rule of Appellate Procedure 4(b), Defendant had fourteen days from that date of the judgment within which to file an appeal. However, consistent with Defendant's plea agreement, Defendant did not appeal his conviction. Thus, the conviction became final on June 28, 2020.

On July 16, 2021, Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. 378. On July 30, 2021, the Court ordered the United States to respond, either by filing an Answer or a motion to dismiss on procedural grounds. ECF No. 379. The United States filed the instant Motion to Dismiss, asserting that Defendant's motion was filed beyond the statute of limitations. ECF No. 383.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside, or correct a sentence by demonstrating (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without justification to impose such a sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) that the sentence is otherwise subject to collateral attack. "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b).

Section 2255(f) imposes a one-year statute of limitation for all motions brought under that statute. That section provides "[t]he limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2255(f).

### III. DISCUSSION

Defendant does not dispute that his motion is untimely. Instead, he argues that the one-year limitations bar is subject to equitable tolling because he has acted diligently under the circumstances while under quarantine due to the COVID-19 pandemic. ECF No. 378, at 12–13.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). As Defendant himself as cited, the Ninth Circuit has made clear that "equitable tolling is unavailable in most cases, and is appropriate only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citations omitted). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." *Id.* (brackets omitted).

Defendant's cursory references to quarantine and lockdowns are insufficient to establish "extraordinary circumstances" to warrant equitable tolling. District courts have widely found that prison lockdowns due to the COVID-19 pandemic do not constitute "extraordinary circumstances," especially where defendants fail to specify how the lockdowns impacted their ability to pursue their claims. *See, e.g.*, *Valles v. Allison*, 2023 WL 2447520, at *8 (S.D. Cal. Mar. 10, 2023) (collecting cases); *Gibson v. Allison*, 2022 WL 17345919, at *3 (C.D. Cal. Oct. 27, 2022) (collecting cases), *report and recommendation adopted*, 2022 WL 17340463 (C.D. Cal. Nov. 29, 2022); *Dragasits v. Covello*, 2022 WL 207730, at *7 (S.D. Cal. Jan. 24, 2022) (collecting cases). Here, Defendant does not describe any efforts or diligence on his part to timely pursue his claims, such as attempting to access the prison law library, nor does he state how lockdown conditions impacted his otherwise diligent attempts to timely file his § 2255 motion.

To the extent Defendant argues that his prior counsel's ineffective assistance delayed his understanding of his plea's consequences, the Court similarly finds this argument insufficient to establish Defendant's diligence or extraordinary circumstances. Defendant does not describe what his mistaken understanding of his plea was or how it delayed his apprehension of his claim. Nor does he provide the date on which he discovered the facts supporting his claim so that a modified

limitations period may be calculated. Without almost any factual allegations, the Court finds that Defendant's untimely § 2255 motion is not entitled to equitable tolling for either the delays relating to his prior counsel's ineffective assistance or any prison lockdowns due to the COVID-19 pandemic.

Because the Court finds that Defendant has failed to demonstrate "extraordinary circumstances" to justify equitable tolling of the one-year statute of limitations, his § 2555 motion is time barred.

### IV.   CONCLUSION

Because Defendant has not demonstrated diligence or extraordinary circumstances obstructing the pursuit of his claims, he is not entitled to equitable tolling of the one-year AEDPA statute of limitations. Therefore, the United States' Motion to Dismiss the untimely filed § 2255 motion is GRANTED. Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is DISMISSED as time barred.

**IT IS SO ORDERED.**

Dated:  May 3, 2023

EDWARD J. DAVILA
United States District Judge